IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| THOMAS E. VAN HAELE, | ) | Cause No. CV 03-64-H-CCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER REGARDING |
| BILL SLAUGHTER, MIKE MAHONEY, | ) | DEFENDANTS' MOTION TO |
| TED WARD, CANDYCE NEUBAUER, PAUL | ) | COMPEL DISCOVERY, |
| LUCIER, BILL HITCHENS, JASON | ) | MOTION FOR PROTECTIVE |
| COLEMAN, and GLEN WYANT, | ) | ORDER, AND MOTION FOR AN |
| | ) | EXTENSION |
| Defendants. | ) | |
| _____ | ) | |

Currently pending before the Court is Defendants' Motion to
Compel Discovery and Request for Sanctions (Dkt. # 101),
Defendant Wyant's Motion for Leave to File Motion to Reconsider
Order on Protective Order (Dkt. # 102) and Plaintiff's Motion for
Leave to File Motion for Extension of Time to Complete Discovery
Dispute. (Dkt. # 104).

**I.  Motion to Compel**

On August 8, 2005, Defendants served Plaintiff with combined
discovery requests filed on behalf of all eight defendants
consisting of 48 interrogatories, 12 requests for production and
20 requests for admission.

On September 1, 2005, Mr. Van Haele served Defendants with a
Response to Defendants' discovery requests in which he refused to

ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR
PROTECTIVE ORDER, AND MOTION FOR AN EXTENSION / PAGE 1

respond to any of the interrogatories or requests for production.
Mr. Van Haele objected on the grounds that Defendants' discovery
requests were untimely, that Defendants had exceeded the limit of
25 interrogatories set forth in Rule 33(a) of the Federal Rules
of Civil Procedure, and that many requests were overbroad, vague,
burdensome and called for a legal conclusion.

On September 7, 2005, counsel for Defendants sent Mr. Van
Haele a letter requesting that he answer the interrogatories.
Mr. Van Haele responded that he believed that he did not have to
respond to discovery propounded after the close of discovery.

Mr. Van Haele has responded to Defendants' motion,
indicating that his belief is that the Court's Amended Scheduling
Order of July 29, 2005 applied only to him and did not apply to
Defendants.  The Court understands Mr. Van Haele's argument, but
that is clearly not what was intended or stated in the Order
extending discovery.  The Order indicated that, "**all discovery**,
including depositions, shall be completed on or before Friday,
September 30, 2005."  The discovery extension applied to all
parties, not just Plaintiff.

While this appears to be a simple misunderstanding of the
Court's Order, Mr. Van Haele's objections to the timeliness of
Defendants' discovery requests are without merit.  Defendants
served their discovery requests on August 8, 2005, and Van

ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR
PROTECTIVE ORDER, AND MOTION FOR AN EXTENSION / PAGE 2

Haele's responses were due on September 12, 2005, well within the discovery period as extended by the Court's July 29, 2005 Order.

Mr. Van Haele's objections to Defendants' interrogatories exceeding the limit of 25 interrogatories is also without merit. Rule 33(a) of the Federal Rules of Civil Procedure states that "**any party** may serve upon any other party written interrogatories, not exceeding 25 in number . . ."  Therefore, each named defendant could have propounded 25 separate interrogatories to Mr. Van Haele and their 48 interrogatories propounded in a combined document does not violate the rule.

In his response, Mr. Van Haele contends that many of Defendants' interrogatories contain hundreds of requests when one takes into account the subparts of each interrogatory.  However, "an interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question.  On the other hand, an interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory." <u>Swackhammer v. Sprint Corp. PCS</u>, 225 F.R.D. 658, 664-665 (D.Kan. 2004).  <u>See also</u> 8A Wright & Miller, Fed. Prac. & Proc. Civ. 2d § 2168.1.  Thus, the Court finds that Defendants interrogatories do not exceed the permissible number of allowable interrogatories.

ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR
PROTECTIVE ORDER, AND MOTION FOR AN EXTENSION / PAGE 3

Plaintiff's memorandum addresses a number of other objections raised in his responses to Defendants' interrogatory requests including ambiguity, overbreath, vagueness and that some requests called for a legal conclusion.  See Responses to Interrogatories Nos. 2-48.

First, Plaintiff objected to Interrogatories Nos. 2 and 3 on the basis that Defendants were seeking information as it pertains to his original complaint and a significant portion of Plaintiff's original allegations have been dismissed.  Plaintiff is correct that these interrogatories should be limited to only the claims remaining in this lawsuit.

Plaintiff objects to a number of interrogatories (see Nos. 4, 25, 26, 27, and 28) on the basis that they are seeking information that is only in the hands of Defendants.  Even if Defendants already have the requested information, they are entitled to know what is Plaintiff's knowledge regarding these matters.  To the extent that Plaintiff does not have this information, he should simply say so.

Plaintiff raises an objection to a number of interrogatories on the basis that they call for a legal conclusion of law.  Rule 33(c) of the Federal Rules of Civil Procedure provides that, "[a]n interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the

ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR AN EXTENSION / PAGE 4

application of law to fact."  Simply stated, an interrogatory is not objectionable merely because it calls for a legal conclusion or opinion.  Accordingly, Plaintiff cannot refuse to answer an interrogatory merely because it calls for a legal conclusion.  To the extent Plaintiff can answer any such interrogatories, he should do so.

Plaintiff objects to a number of interrogatories on the basis that they are identical or seek the same information as provided in other interrogatories.  This is not a proper basis for an objection.  To the extent that Defendants' interrogatory requests are truly repetitive, Plaintiff may refer Defendants to the interrogatory response which provides the requested information.

Plaintiff also objects to a number of interrogatories on the grounds that they seek trial preparation information.  Defendants are entitled to know the witnesses and evidence Plaintiff may use to support his claims.  In fact, Rule 26(a)(1)(A) and (B) of the Federal Rules of Civil Procedure specifically provides that this information should be produced as part of a party's initial disclosures.  Although this case was exempt from the initial disclosure requirement based upon Rule 26(a)(1)(E), it is still proper for the parties to seek this type of information through interrogatories.

## II.  Motion for Sanctions

Defendants seek sanctions against Mr. Van Haele under Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure.   Rule 37(a)(4)(A) provides that if a motion to compel is granted,

> the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that **the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.**

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

Defendants sent Mr. Van Haele a letter regarding his discovery responses.  The Court finds, however, that circumstances make an award of expenses unjust.

Mr. Van Haele's discovery responses clearly indicated that he was utilizing the deadlines from the old scheduling order. Yet Defendants' September 7, 2005 letter to Mr. Van Haele made no mention of the new scheduling order and how it applied to all parties.  This discovery dispute could possibly have been corrected by Defendants without Court intervention had Mr. Van Haele been given further information regarding his discovery obligations including specifically the fact that the new scheduling order applied to all parties.  For purposes of applying Rule 37, therefore, the Court cannot consider

ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR AN EXTENSION / PAGE 6

Defendants' letter to be a "good faith effort" to obtain the discovery responses.  See also Local Rule 26.3(c)(2)(effective December 1, 2005).

Furthermore, Mr. Van Haele is a pro se litigant who made what appears to the Court to be a simple mistake.  These circumstances do not justify sanctions.

## III. Defendant Wyant's Motion for Leave to File Motion to Reconsider Order on Protective Order

On September 19, 2005, this Court issued an Order denying Defendants' Motion for Protective Order on Plaintiff's interrogatory request for Defendant Wyant's criminal history. (Dkt. # 100).  Defendant Wyant's Motion while labeled a motion for leave to file a motion for reconsideration of that Order, is in fact a Motion for Reconsideration.  Filing a motion for reconsideration without first obtaining leave to do so violates the Local Rules of this Court.

Specifically, Local Rule 7.3(b) requires that a motion for reconsideration meet at least one of the following two criteria:

(1)  (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which reconsideration is sought, and

(B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or

(2)  new material facts emerged or a change of law occurred after entry of the order.

ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR AN EXTENSION / PAGE 7

In support of Officer Wyant's motion to reconsider, Defendants' state that their initial motion for protective order "did not contemplate an order compelling production of evidence." "Therefore," Defendant's further state, "not all relevant evidence or argument opposing a motion to compel was brought to the attention of the Court."  This somewhat astonishing statement does not even come close to meeting the standard for reconsideration set forth in Local Rule 7.3(b).

The Local Rules further provide that no response may be filed to a motion for leave to file a motion to reconsider. Local Rule 7.3(d).  Nevertheless, Plaintiff also violated the Local Rules by filing a ten-page response to Defendants' motion.

Despite the Court's frustration with the parties' failure to adhere to the Local Rules, the Court is mindful that Defendants have presented affidavit testimony that the production to an inmate of the information in question could raise security concerns for the prison.[1]  Obviously, counsel should have presented these concerns when filing the first motion for protective order.  However, the Court is not inclined to place safety at risk due to violations of these court rules.

---

[1]Defendants' first argument that Plaintiff is only entitled to criminal justice information if it includes admissible evidence must fail.  It disregards Rule 26(b)(1) which provides that "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR AN EXTENSION / PAGE 8

Therefore, the Court will reluctantly limit the scope of Plaintiff's Interrogatory No. 14 and only require Defendant Wyant to produce to Plaintiff all felony convictions or convictions involving dishonesty or false statements within the past ten years. Defendant Wyant will also be required to produce to the Court, *in camera*, all information responsive to Plaintiff's Interrogatory No. 14 without limitation.

## IV. Plaintiff's Motion for Leave to File Motion for Extension of Time to Complete Discovery Dispute

Plaintiff is seeking a 60-day extension of the scheduling order to allow him to file motions to compel discovery from defendants. He states that he has been unable to file these motions earlier as he has been responding to Defendants' various motions and pursuing relief from his state court conviction. Defendants do not object to Plaintiff's request.

The Court will grant Plaintiff's unopposed motion. The Court admonishes the parties to be familiar with and to comply fully with the local rules of this Court and the Federal Rules of Civil Procedure. These rules require that the parties engage in a **good faith effort** to resolve their discovery disputes. This means that before any further discovery issues are brought before this Court, there must be detailed communication between the parties in an effort to resolve each issue in dispute.

Accordingly, the Court enters the following:

ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR AN EXTENSION / PAGE 9

## ORDER

1.   Defendants' Motion to Compel (Dkt. # 101) is **GRANTED** with the limitation that Plaintiff is only required to produce information as it relates to the claims currently pending before this Court.  Plaintiff is not required to respond to any interrogatories which seek information about the claims which have been dismissed.

Plaintiff shall serve Defendants with complete discovery responses to Defendants' First Set of Combined Discovery Requests within 30 days of the date of this Order.

Defendants' Request for Sanctions is **DENIED.**

2.   Defendant Wyant's Motion for Leave to File Motion to Reconsider Order on Protective Order is **GRANTED.**  Defendant Wyant shall produce to Plaintiff all requested information regarding any felony conviction or conviction involving dishonesty or false statements within the last ten years.  Defendant Wyant shall produce to the Court, *in camera*, all information responsive to Plaintiff's Interrogatory No. 14 without limitation.

3.   Plaintiff's Motion for Leave to File Motion for Extension of Time to Complete Discovery Dispute (Dkt. # 104) is **GRANTED.**  All discovery, including depositions, shall be completed on or before **Friday, February 3, 2006.**  Any written discovery requests shall be served in a timely manner such that

responses to said discovery are due on or before the discovery deadline of **February 3, 2006.**  A duty to supplement discovery beyond the deadline may be imposed by Fed. R. Civ. P. 26(e).

Any motions with supporting briefs shall be filed and served on or before **March 1, 2006.**  Briefing shall be in accordance with Rule 7.1 of the Local Rules of Procedure of the United States District Court for the District of Montana.  Trial will be set and motions will not be considered after this filing deadline.

**Failure to timely complete discovery or file dispositive motions, or to request an extension of time _prior_ to the deadlines set herein, will result in the Court denying the requested relief as untimely.**

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT AND COUNSEL FOR DEFENDANTS ADVISED OF ANY CHANGE OF ADDRESS BY FILING WITH THE CLERK OF COURT A NOTICE OF CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN A RECOMMENDATION OF DISMISSAL OF THIS CAUSE OF ACTION.**

DATED this 5th day of December, 2005.


_____   **/s/ Carolyn S. Ostby**
                                   Carolyn S. Ostby
                                   United States Magistrate Judge


ORDER REGARDING DEFENDANTS' MOTION TO COMPEL DISCOVERY, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR AN EXTENSION / PAGE 11